## UNITED STATES v. LOUISVILLE & N. R. CO.

### (District Court, W. D. Kentucky. November 1, 1907.)

RAILROADS—SAFETY APPLIANCE ACT—USE OF DEFECTIVE CAR.

A car owned by defendant railroad company came into its yards loaded with interstate traffic, with one of the handholds missing. It was moved by defendant to other yards, and then for delivery to a connecting carrier, still in the same condition. Defendant had facilities for repairing the car at its yards, and during the time made two inspections of it, but did not discover the defect. *Held*, that it failed to exercise the measure of care required by Safety Appliance Act March 2, 1893, c. 196, 27 Stat. 531 [U. S. Comp. St. 1901, p. 3174], and was subject to the penalty prescribed for its violation.

[Ed. Note.—Duty of railroad companies to furnish safe appliances, see note to Felton v. Bullard, 37 C. C. A. 8.]

On Trial to the Court Without a Jury.

George Du Relle, Dist. Atty., and Luther M. Walter, for the United States.

Benjamin D. Warfield and Helm & Helm, for defendant.

EVANS, District Judge. The penalty of $100 sought to be recovered in this suit is for the alleged using by the defendant in the movement of interstate traffic on May 29, 1907, of Louisville & Nashville car No. 31,793, when the grab iron or handhold on the right-hand side of the "B" end of the car was missing. Issues having been formed by the pleadings, the parties agreed in writing to submit the case to the court without a jury. They also filed a stipulation as to the facts, and no other testimony was heard at the trial. From that stipulation the court finds that the defendant is a common carrier by railroad of interstate traffic; that while the car referred to was loaded with coke, and en route from Virginia to its destination in Illinois, it came to defendant's yards at East Louisville on May 29, 1907, and at that time and place the handhold on the right-hand side of the "B" end of the car was missing; that a grab iron had theretofore been on at that place, and that the lag screw holes were then apparent; that while said car was in that condition on that day defendant hauled it from East Louisville to its yards at Floyd street for delivery to the Louisville & Jeffersonville Bridge Company, to be delivered to the Big Four Railroad, and that the defendant helped the bridge company haul the car through the Chesapeake & Ohio yards for that purpose; that the government inspectors examined the car at East Louisville, and found the grab iron then gone, and later at another inspection at Floyd street found that the defect still existed; that the defendant has repair shops at South Louisville and a repair track at its Floyd street yards; and that defendant made two inspections of the car at night—one at South Louisville and another at East Louisville, and at neither discovered any defect.

We are left to conjecture as to precisely where the shipment originated and as to the route by which it reached South Louisville; but, if it did not come over defendant's road from the region of Cumberland Gap, nevertheless it was evidently for a considerable time in defendant's various yards in Louisville, where its inspections, made at night, were evidently not thorough. The car belonged to the defendant. The defect was one which could easily and with little time have been repaired on the track. The utmost diligence does not seem to have been used to discover and repair the defect in this car. Grab irons are much needed in yards where switching is done. All of these matters being considered, and having in mind the principles this day announced in an opinion delivered in the case of United States v. Illinois Central Railroad Co., 156 Fed 182, we think every element of the offense charged has been proved beyond a reasonable doubt, and defendant is found guilty as charged.

Judgment will be entered for the penalty of $100 and the costs of this suit.